1   KAREN P. HEWITT
    United States Attorney
2   AARON B. CLARK
    Assistant U.S. Attorney
3   California State Bar No. 239764
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6787/(619) 235-2757 (Fax)
    Email: aaron.clark@usdoj.gov
6   Attorneys for Plaintiff
    United States of America
7
                        UNITED STATES DISTRICT COURT
8
                      SOUTHERN DISTRICT OF CALIFORNIA
9
10  UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR1731H
                                       )
11              Plaintiff,             )    DATE:           July 14, 2008
                                       )    TIME:           2:00 p.m.
12         v.                          )    COURTROOM:      13
                                       )    Before Honorable Marilyn L. Huff
13  MAGDALENO CARRENO, JR. (1), and    )
    VALENTINE ESCOBAR-CHAVEZ (2),      )    UNITED STATES' MOTIONS FOR:
                                       )
14              Defendant(s).          )    (1)   RECIPROCAL DISCOVERY
                                       )    (2)   LEAVE TO FILE FURTHER
15                                     )          MOTIONS
                                       )
16                                     )    TOGETHER WITH STATEMENT OF
                                       )    FACTS AND MEMORANDUM
17                                     )    OF POINTS AND AUTHORITIES
                                       )
18                                     )
                                       )
19  _____)

20
         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
21
    Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby
22
    files its Motions in the above-referenced case. Said Motions are based upon the files and records
23
    of this case together with the attached statement of facts and memorandum of points and
24
    authorities.
25
26
27
28

1

DATED: July 2, 2008.

2

Respectfully submitted,

3

KAREN P. HEWITT
United States Attorney

4

5

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          )   Criminal Case No. 08CR1731H
                                       )
11                      Plaintiff,     )   DATE:            July 14, 2008
                                       )   TIME:            2:00 p.m.
12              v.                     )   COURTROOM:       13
                                       )   Before Honorable Marilyn L. Huff
13  MAGDALENO CARRENO, JR. (1), and    )
    VALENTINE ESCOBAR-CHAVEZ (2),      )
14                                     )   UNITED  STATES'  STATEMENT  OF
                        Defendant(s).  )   FACTS   AND   MEMORANDUM   OF
15                                     )   POINTS AND AUTHORITIES
                                       )
16  _____)

17
18                              **I**

19                  **STATEMENT OF THE CASE**

20          Defendants Magdaleno Carreno, Jr. ("Carreno") and Valentine Escobar-Chavez

21  ("Escobar") (collectively "Defendants") were charged by a grand jury on May 28, 2008 with

22  violating Title 21 U.S.C. 841(a)(1) and 846, Conspiracy to Distribute Methamphetamine,

23  Distribution of Methamphetamine, and Possession of Methamphetamine with Intent to Distribute.

24  Defendants were also charged with Title 18 U.S.C. 922(g)(1) and 922(g)(5), unlawful possession

25  of firearms.  Defendants were arraigned on the Indictment on May 29, 2008, and entered a plea of

26  not guilty.

27  //

28                              3

**II**

**STATEMENT OF FACTS**

**A.      The Initial Contact and Sale – March 26, 2008**

On March 19, 2008 at approximately 6:30 p.m., DEA Task Force Officer ("TFO") Paul Paxton placed a telephone call to Carreno. This call was audio recorded. During the conversation TFO Paxton expressed interest in purchasing an ounce of methamphetamine and asked Carreno if $1600 was the right price. Carreno confirmed the price, and TFO Paxton agreed to purchase an ounce. He then stated he would call Carreno the following week to arrange a meeting.

During the conversation, Carreno asked if TFO Paxton could get handguns or if he knew anyone who sold handguns. Carreno then told TFO Paxton that he would buy any gun TFO Paxton could provide.

On March 26, 2008, Carreno met with TFO Paxton on Shelter Island at the Bali Hai Restaurant. TFO Paxton followed Carreno to through the restaurant and onto an Official Government Vessel (OGV). On board the vessel, Carreno sold TFO Paxton an ounce of methamphetamine for $1600 in official advanced funds.

During the meeting, TFO Paxton told Carreno that he knew someone who sells guns and could arrange a meeting depending on the types of firearms Carreno wanted. Carreno told TFO Paxton he was looking for Berettas or Desert Eagles in 9mm, 40 caliber or 357 caliber. TFO Paxton asked how many guns Carreno was looking to purchase and Carreno told TFO Paxton he could use about 4 or 5, and that he was going to buy two shotguns later that evening.

The meeting on board the OGV was both video taped and audio recorded.

Agents also conducted surveillance of Carreno on the day on March 26, 2008 and observed him drive to and from the meeting with TFO Paxton in a blue GMC Sierra truck bearing license 8F68439. The truck is registered to Carreno at 4038 Beta Street, San Diego, CA.92113.

//

//

4

1

**2.    The Second Sale – April 9, 2008**

2      On April 9, 2008, TFO Paxton met Carreno and lead him to the OGV docked at Shelter

3   Island.  On board the boat, Carreno sold TFO Paxton 2 ounces of methamphetamine for $3000.00

4   in official advanced funds.  TFO Paxton then asked Carreno if he had prices for larger quantities

5   of methamphetamine.  Carreno said he did not, but that when he returned to his house with the

6   money, he would call from the house and let TFO Paxton talk to his relative.

7      During the April 9 meeting, TFO Paxton introduced Carreno to Special Agent ("SA")

8   Brooks Jacobsen, who was working in an undercover capacity as a trafficker of illegal firearms.

9   Carreno and SA Jacobsen discussed Carreno's interest in purchasing firearms and Carreno claimed,

10   among other things, he has two "Tommy" guns, one with the drum and one without the drum.

11   Carreno also told SA Jacobsen that he and his people were looking for about 10 guns.

12      The meeting onboard the OGV was audio recorded.

13

**3.    The Third Sale – April 23, 2008**

14      On April 23, 2008 Carreno again met with TFO Paxton aboard the OGV docked at Shelter

15   Island.  During that meeting Carreno sold TFO Paxton an additional 2 ounces of methamphetamine

16   for $3000.

17      SA Jacobsen was also present for the meeting in an undercover capacity and during the

18   meeting showed Carreno several handguns and one sub-machine gun.  SA Jacobsen noted to

19   Carreno that these particular firearms had been sold already, but that these were a sampling of the

20   firearms available for purchase.  Carreno took pictures of the guns with his cellular phone because

21   "[his] boys will not believe [him]."  Carreno also examined and handled the Berretta and .357

22   stainless steel revolver before using his t-shirt to wipe off the prints on the guns.

23      The meeting onboard the OGV was both audio and video recorded.

24

**4.    Search Warrant for 4038 Beta Steet**

25      Based on the above mentioned set of facts, On May 13, 2008, TFO Paxton and SA

26   Jacobsen secured a search warrant of Carreno's home, 4038 Beta St. San Diego, California, 92113.

27

28                                    5

**5.      The Fourth Sale – May 14, 2008**

On May 14, 2008, Carreno again met with TFO Paxton aboard the OGV, which at the time was docked on Shelter Island.  Escobar drove to the meeting in a Silver 2002 Ford Mustang.  Carreno rode in the vehicle as a passenger.  At the meeting Carreno introduced Escobar to TFO Paxton as his "big boss."  Carreno and Escobar then negotiated the sale of three ounces of methamphetamine for $4800, the price of which would be reduced by $800 in exchange for four firearms.  Carreno and Escobar each selected two handguns.  Carreno and Escobar then divided the $4000 between them.

The ATF firearms purchased by Carreno and Escobar are as follows: (1) Lorcin, model L380, .380 caliber pistol, bearing serial number 353538; (1) Glock, model 27, .40 caliber pistol, bearing serial number BXC012US; (1) Glock, model 30, .45 caliber pistol, bearing serial number 30054RSR; and (1) Ruger, model SP-101, .38 caliber revolver, bearing serial number 571-18822.  Three of the handguns are manufactured outside the state of California.  The Lorcin, model L380 is manufactured in California but has traveled outside of California in interstate commerce.

This meeting onboard the OGV was audio and video recorded.

**6.      The Arrest and Search**

After Carreno and Escobar left the OGV, they were immediately arrested .  At the time of their arrest, Carreno was in possession of $2,900 and the four purchased handguns and Escobar was in possession of $1,100.

Agents seized the 2002 Ford Mustang and took it to the Harbor Police Station.  At the  that police station, a Narcotics Detector Dog alerted to the dashboard area of the vehicle.  A subsequent search found an additional 3 ounces of methamphetamine secreted in that same area.

In a post-Miranda statement, Escobar said that he gave one ounce of methamphetamine to Carreno and was to be paid $1,000.  Escobar also admitted knowledge of the methamphetamine in the vehicle and described to agents exactly where it was in the vehicle.

6

Carreno also made a brief post-<u>Miranda</u> statement in which he claimed that the guns were for family members and that the May 14, 2008 incident was the first time he had sold drugs. When agents confronted him with the prior sales to TFO Paxton, defendant invoked.

Following Carreno and Escobar's arrest, agents executed the search warrant on 4038 Beta Street, San Diego, CA 92113. Agents there seized, among other things, the truck Defendant had utilized to drive to and from the March 26, 2008 sale, as well as seven cell phones and some firearms ammunition.

### III

### MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendants. To date Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts Defendants intend to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

1    The United States also requests that the Court make such order as it deems necessary under

2    Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

3    In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production

4    of prior statements of all witnesses, except statements made by Defendants. This rule thus

5    provides for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule

6    requires the statement to be provided after the witness has testified. To expedite trial proceedings,

7    the United States hereby requests that Defendants be ordered to supply all prior statements of

8    defense witnesses by a reasonable date before trial to be set by the Court. Such an order should

9    include any form in which these statements are memorialized, including but not limited to, tape

10    recordings, handwritten or typed notes and/or reports.

11    **IV**

12    **<u>LEAVE TO FILE FURTHER MOTIONS</u>**

13    Should new information or legal issues arise, the United States respectfully requests the

14    opportunity to file such further motions as may be appropriate.

15    **V**

16    **<u>CONCLUSION</u>**

17    For the foregoing reasons, the Government respectfully requests that its motions for

18    reciprocal discovery and leave to file further motions be granted.

19    DATED: July 2, 2008.

20    Respectfully submitted,

21    KAREN P. HEWITT
      United States Attorney

22

23    s/ Aaron B. Clark
      AARON B. CLARK

24    Assistant United States Attorney

25

26

27

28

1    UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,                    Case No. 08CR1731-H

4                    Plaintiff

5                    v.                           CERTIFICATE OF SERVICE

6    MAGDALENO CARRENO, JR., and
     VALENTINE ESCOBAR-CHAVEZ,
7

8                    Defendant(s).

9

10   IT IS HEREBY CERTIFIED THAT:

11        I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12        I am not a party to the above-entitled action. I have caused service of UNITED STATES'
13   MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

14        1. John Fielding

15

16        2. Inge Brauer

17   I declare under penalty of perjury that the foregoing is true and correct.

     Executed on July 2, 2008.

18

19                                      s/ Aaron B. Clark
                                        AARON B. CLARK
20

21

22

23

24

25

26

27

28